UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM P. SAWYER, M.D., an Ohio resident, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PARAGON PRIVATE HEALTH, LLC, a Delaware limited liability company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)  **CLASS ACTION**<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT**

Plaintiff, WILLIAM P. SAWYER, M.D. ("Plaintiff"), brings this action on behalf of himself and all others similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, PARAGON PRIVATE HEALTH, LLC ("Defendant"):

**PRELIMINARY STATEMENT**

1.      This case challenges Defendant's practice of sending unsolicited advertisements via facsimile.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 (hereafter "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from sending fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. On or about January 27, 2020, Defendant sent Plaintiff an unsolicited fax advertisement in violation of the TCPA (the "Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof. The Fax describes the commercial availability and/or quality of Defendant's property, goods or services, namely, Defendant's Concierge Medicine Program. (Exhibit A).

4. Plaintiff alleges on information and belief that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to the advertisement sent to Plaintiff.

5. Defendant's unsolicited fax has damaged Plaintiff and the class in that a junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

6. On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA. Plaintiff seeks to certify a class of individuals and companies that were sent the Fax and other unsolicited fax advertisements without prior express invitation or permission and without compliant opt-out language (to the extent the affirmative defense of "established business relationship" is alleged). Plaintiff seeks statutory damages for each violation of the TCPA and injunctive relief.

7. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile

transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event the Court determines any TCPA violations were willful or knowing.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located within this judicial district and Defendant transacts business within this judicial district, has made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

## PARTIES

10. Plaintiff, WILLIAM P. SAWYER, M.D., is an Ohio resident.

11. Defendant, PARAGON PRIVATE HEALTH, LLC, is a Delaware limited liability company with its principal place of business at 477 Madison Avenue, 6th Floor New York, NY 10022.

## FACTS

3

12. On or about January 27, 2020, Defendant sent an unsolicited facsimile to Plaintiff using a telephone facsimile machine, computer, or other device. *See* Exhibit A. Plaintiff received the Fax on a stand-alone fax machine.

13. The Fax states in part the following:

## We All Need Less

Introducing The No BS
**Concierge Medicine Program** With
*The Nations' Only No-Fee Assurance Guarantee*

Paragon Private Health is so confident in our performance, we are the only concierge medicine company willing to offer physicians an **Assurance Program** with **guaranteed results** or **no fee.**

The fax additionally states:

"Learn more about our Assurance Program from one of the industry's most tenured experts or ask him anything else about concierge medicine."

The fax offers "Qualified Physicians Receive $100 HONORARIUM For a 15 Minute Call With Our Expert" and provides the following contact information:

> Call us directly at (212) 729-1308
> or Neil@paragonprivatehealth.com
> or Fax this form to (855) 997.2724

(*See* Ex. A).

14. Defendant's website, paragonprivatehealth.com, (last visited 6/12/20) states:

## Overview of our services

**Paragon Private Health's proven, customized and affordable concierge program solutions empower you to have a vibrant medical practice, provide *proactive* care to your patients and achieve balance between your professional and personal life.**

> **Furthermore, our solutions provide your practice with *best-in-class* resources which allow you to:**
>
> - Focus on providing wellness-centered patient care rather than running a business
> - Develop a more personalized one-on-one relationship with each patient
> - Invest the time required to:
>   - Practice preventive care
>   - Create customized wellness plans for each patient
> - Provide your patients with direct availability to you
> - Coordinate the care of your patients with sub-specialists and hospitals
> - Achieve operational efficiencies
> - Realize the professional, financial and personal rewards of the care you provide
>
> Whether you are a primary care physician, or sub-specialist, converting from a traditional practice to a concierge program is one of the most monumental business decisions you will ever make.
>
> Paragon Private Health has the proven *expertise* and *resources* available to provide you with an incomparable and rewarding practice conversion experience.
>
> To explore the possibility of your medical practice joining Paragon Private Health, please contact us. Call (877) 997-2724
>
> As a physician, you have dedicated your career to the care of others. However, in an ever-changing healthcare landscape, you continue to be challenged by the administrative, financial, legal and personal demands placed upon you. As a result, you are evaluating your options – seeking a model that will allow you to provide the type of patient care you always envisioned while achieving professional, financial and personal fulfillment.

15. The Fax touts Defendant's Concierge Medicine Program as "The Nation's Only No-Fee Assurance Guarantee" that helps physicians "Eliminate time-consuming administrative burdens by 75%," "Reduce third-party payer dependence," and "Demonstrate[s] meaningful differentiation in the face of increasing competition." (*See* Ex. A).

5

16. The Fax also offers a $100 honorarium to any qualified physician willing to listen to Defendant's marketing pitch. (*See* Ex. A).

17. On information and belief, Defendant receives some or all of the revenues from, and profits and benefits from physicians joining its Concierge Medicine Program that is advertised on Exhibit A through the administration of participating physicians' business practices and claims processing and through the additional patients that participating physicians could serve.

18. Thus, the Fax advertises the commercial availability and/or quality of Defendant's property, goods, or services, namely, its Concierge Medicine Program and seeks to solicit physicians to participate in it, thereby increasing the Program's profitability. Therefore, the Fax is an advertisement under the TCPA and the regulations implementing the TCPA.

19. Defendant created or made the Fax, or directed a third party to do so, and the Fax was sent by or on behalf of Defendant with Defendant's knowledge and authorization.

20. Plaintiff did not give Defendant "prior express invitation or permission" to send the Fax.

21. On information and belief, Defendant faxed to at least forty recipients' telephone facsimile machines the same and/or substantially similar unsolicited facsimiles without prior express invitation or permission, and without the required opt-out language, thereby precluding Defendant from successfully invoking the affirmative defense of established business relationship.

22. Defendant's facsimile attached as Exhibit A does not display a compliant opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4) in that it is not clear and conspicuous; does not state that the recipient may make a request to the sender of the

advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request is unlawful; and does not include a domestic contact telephone number and facsimile number for the recipient to transmit an opt-out request.

## CLASS ACTION ALLEGATIONS

23. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages the same or similar as Exhibit A, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant had an established business relationship at the time the facsimiles were sent but where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4).

Excluded from the Class are Defendant, its employees and agents, and members of the Judiciary. Plaintiff seeks to certify a class that includes but is not limited to the fax advertisement(s) sent to Plaintiff. Plaintiff anticipates that this class definition will be refined once class certification discovery is completed.

24. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the proposed Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

25. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>:  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a) Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

(b) Whether Defendant meets the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(10;

(c) Whether Defendant had prior express invitation or permission to send Plaintiff and the class fax advertisements;

(d) Whether the Fax contains an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(e) Whether Defendant should be enjoined from faxing advertisements in the future;

(f) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A or other fax advertisements;

(g) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h) Whether the Court should award treble damages.

26. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar fax as the faxes sent by or on behalf of Defendant advertising the commercially availability and/or quality of property, goods or services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendant has acted in

the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar fax or faxes which did not contain compliant opt-out language or were sent without prior express invitation or permission.

27. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

28. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    (a)    Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    (b)    Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    (c)    Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    (d)    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    (e)    This case is inherently manageable as a class action in that:

        (i)    Defendant identified persons to receive the fax transmissions and it

is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq*.**

29. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement … ." 47 U.S.C. § 227(b)(1)(C).

30. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

31. **Opt-Out Notice Requirements.** The TCPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in section (b)(1)(C)(iii) of the Act, that

senders of fax advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following, among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

  A. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

  B. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

  C. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines; and

  D. The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from section (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from section (b)(D)(ii) of the Act and the rules and regulations of the FCC in ¶ 31 of its 2006 Report and Order (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in section (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via section (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important

consumer protections bestowed by Congress upon consumers and businesses giving them the right, and means, to stop unwanted fax advertisements.

32. **2006 FCC Report and Order.** The TCPA, in section (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

> A. The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under section (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);
>
> B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under section (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);
>
> C. The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under section (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in section (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

33. **The Fax**. Defendant sent the Fax on or about January 27, 2020, via facsimile transmission from a telephone facsimile machine, computer, or other device to the fax numbers

and telephone facsimile machines of Plaintiff and members of the Class. The Fax is an advertisement as defined by the Act and the regulations implementing the Act. Defendant failed to comply with the Opt-Out Notice Requirements in connection with the Fax (*See* ¶ 22). The Fax was transmitted to persons or entities without their prior express invitation or permission and/or Defendant is precluded from sustaining the established business relationship safe harbor with Plaintiff and other members of the class, because, *inter alia*, of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class. Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

34. **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines faxes, other than Exhibit A, that were the same and/or substantially similar to Exhibit A. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

35. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is

appropriate. *Id.*

36.     The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

37.     Defendant knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Defendant or anybody else to fax advertisements about the availability or quality of Defendant's property, goods, or services to be bought or sold; (b) Plaintiff and the other class members did not have an established business relationship with Defendant; (c) Defendant was a sender of the transmitted advertisements and (d) the Faxes did not contain the required Opt-Out Notice.

38.     Defendant's actions caused injury to Plaintiff and the other class members. Receiving Defendant's unsolicited fax advertisements caused Plaintiff and other recipients to lose paper and toner consumed in the printing of Defendant's faxes. Defendant's unsolicited fax advertisements occupied Plaintiff's and class members' telephone lines and fax machines. Defendant's unsolicited fax advertisements cost Plaintiff and class members' time, as Plaintiff and its employees, as well as other class members and their employees, wasted their time receiving, reviewing, and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the class members' business or personal activities. Defendant's faxes intruded into Plaintiff's and other class members' seclusion and violated their right to privacy, including their interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's unsolicited fax advertisements occurred outside of Defendant's premises

WHEREFORE, Plaintiff, WILLIAM P. SAWYER, M.D., individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, PARAGON PRIVATE HEALTH, LLC, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C. That the Court enjoin Defendant from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Respectfully submitted,

WILLIAM P. SAWYER, M.D., individually and as the representative of a class of similarly-situated persons,

By: /s/ Aytan Y. Bellin
Aytan Y. Bellin

BELLIN & ASSOCIATES LLC
85 Miles Avenue
White Plains, NY  10606
Telephone: (914) 358-5345
Facsimile: (212) 571-0284
Aytan.Bellin@bellinlaw.com

And

Ryan M. Kelly (*pro hac vice to be submitted*)
**ANDERSON + WANCA**

3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
rkelly@andersonwanca.com

# EXHIBIT A

# We All Need Less




## Introducing The No BS
## **Concierge Medicine Program** With
## *The Nation's Only No-Fee Assurance Guarantee.*

Paragon Private Health is so confident in our performance, we are the only concierge medicine company willing to offer physicians an **Assurance Program** with **guaranteed results** or *__no fee.__*

PARAGON'S CONCIERGE PROGRAMS ARE HELPING PHYSICIANS:

» Eliminate time-consuming administrative burdens by 75%

» Reduce third-party payer dependence with consistent payment & predictable cash flow

» Demonstrate meaningful differentiation in the face of increasing competition & more...

Learn about our Assurance Program from one of the industry's most tenured experts or ask him anything else about concierge medicine.

**Qualified Physicians Receive**
**$100 HONORARIUM**
For A 15 Minute Call With Our Expert*

Call us directly at (212) 729-1308

or Neil@paragonprivatehealth.com

or Fax this form to (855) 997.2724

PLEASE PRINT CLEARLY:

I, _____ MD/DO

would like a 15 minute call with your concierge medicine expert.

FOR FOLLOW-UP CONFIRMATION, PLEASE PROVIDE:

Physician's Email Address:
_____

Physician's Cell Phone:_____

Practice Phone:_____



paragon
PRIVATE HEALTH

*Must be a qualified independent physician, solo or group.
If you have received this in error, or wish to unsubscribe, please call or email us with your fax number. Thank you.